IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| MONICA LAVELLE ROBINSON. § | | |
| Petitioner, § | | |
| § | | |
| v. § | Civil Action No. 4:08-CV-593-A | |
| § | | |
| NATHANIEL QUARTERMAN, Director, § | | |
| Texas Department of Criminal Justice, § | | |
| Correctional Institutions Division, § | | |
| Respondent. § | | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE
AND NOTICE AND ORDER**

This cause of action was referred to the United States Magistrate Judge pursuant to the provisions of 28 U.S.C. § 636(b), as implemented by an order of the United States District Court for the Northern District of Texas. The Findings, Conclusions, and Recommendation of the United States Magistrate Judge are as follows:

## I. FINDINGS AND CONCLUSIONS

### A. NATURE OF THE CASE

This is a petition for writ of habeas corpus by a state prisoner under 28 U.S.C. § 2254.

### B. PARTIES

Petitioner Monica Lavelle Robinson, TDCJ # 1115692, is in custody of the Texas Department of Criminal Justice, Correctional Institutions Division, in Gatesville, Texas.

Respondent Nathaniel Quarterman is the Director of the Texas Department of Criminal Justice, Correctional Institutions Division.

### C. FACTUAL AND PROCEDURAL HISTORY

Robinson is serving a life sentence for murdering Michael Hewitt by shooting him five times

with a firearm on January 20, 2001. (Clerk's R. at 3, 143) The Second District Court of Appeals of Texas affirmed her conviction, and, on January 12, 2005, the Texas Court of Criminal Appeals refused her petition for discretionary review. *Robinson v. Texas*, No. 2-02-314-CR, slip op. (Tex. App.–Fort Worth Apr. 22, 2004); *Robinson v. Texas*, PDR No. 1090-04. Robinson did not seek writ of certiorari; thus, her conviction became final under state law on April 12, 2005, 90 days after her petition for discretionary review was refused. (Petition at 3) *See id.* § 2244(d)(1)(A); *Flanagan v. Johnson*, 154 F.3d 196, 197 (5th Cir. 1998); SUP. CT. R. 13.1. On April 13, 2007, Robinson filed an application for writ of habeas corpus in state court challenging her conviction, raising one or more of the claims presented herein, which was denied without written order by the Texas Court of Criminal Appeals on June 18, 2008. *Ex parte Robinson*, Application No. WR-67-658-01, at cover. Robinson filed this federal petition for writ of habeas corpus on September 12, 2008.[1] As ordered, Quarterman has filed a preliminary response and documentary exhibits addressing only the issue of limitations. In documents filed by Robinson, she implicates her low mental capacity, mental illness, and the lack of assistance of counsel in pursuing postconviction relief as explanation for her delay. (docket entry nos. 20, 21, 23)

D. STATUTE OF LIMITATIONS

Quarterman argues that Robinson's federal petition for writ of habeas corpus should be dismissed with prejudice because it is time-barred. (Resp't Preliminary Resp. at 1-5) 28 U.S.C. § 2244(d) imposes a one-year statute of limitations for filing a petition for federal habeas corpus relief. 28 U.S.C. § 2244(d). Section 2244(d) provides:

---

[1] A pro se habeas petition is deemed filed when the petition is delivered to prison authorities for mailing. *Spotville v. Cain*, 149 F.3d 374, 377 (5th Cir. 1998).

(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of–

    (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

    (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

    (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

    (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

(2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

*Id.* § 2244(d)(1)-(2).

Under subsection (A), applicable to this case, the limitations period began to run on the date on which the judgment of conviction became final by the expiration of the time for seeking direct review.[2] For purposes of this provision, the judgment of conviction became final upon expiration of the time that Robinson had for filing a petition for writ of certiorari on April 12, 2005, triggering the limitations period, which expired one year later on April 12, 2006, absent any applicable tolling.

---

[2] There are no allegations that the state imposed an unconstitutional impediment to the filing of Robinson's petition for federal relief, that the Supreme Court has announced a new rule(s) applicable to Robinson's claims, or that the factual predicate of her claims could not have been discovered sooner through the exercise of due diligence. Therefore, the statutory exceptions embodied in § 2244(d)(1)(B)-(D) do not apply.

Robinson's state habeas application, filed after limitations had already expired, did not operate to toll the federal limitations period under § 2244(d)(2). *See Scott v. Johnson*, 227 F.3d 260, 263 (5th Cir. 2000). Nor has Robinson alleged and demonstrated circumstances that prevented her from filing a timely petition to warrant equitable tolling of the limitations period. *See Felder v. Johnson*, 204 F.3d 168, 171-72 (5th Cir. 2000); *Turner v. Johnson*, 177 F.3d 390, 391-92 (5th Cir. 1999). Equitable tolling of the statute of limitations is permitted only if rare and exceptional circumstances beyond a prisoner's control make it impossible to file a petition on time. *Davis v. Johnson*, 158 F.3d 806, 811 (5th Cir. 1998). Robinson's ignorance of the law, unfamiliarity of the legal process, or her pro se status do not justify equitable tolling. *See Felder*, 204 F.3d at 171-72; *Turner*, 177 F.3d at 392; *Fisher v. Johnson*, 174 F.3d 710, 714 (5th Cir. 1999). Moreover, allegations of a low I.Q. and/or mental incompetency or mental illness will not support equitable tolling in the absence of evidence demonstrating that such condition, incompetency or illness rendered the petitioner unable to pursue her legal rights during the relevant time period. *See Fisher*, 174 F.3d at 715-16. Although Robinson has presented copies of psychological evaluations conducted from November 2001 through March 2002 before her trial indicating she suffered from depression and schizophrenia at the time, she provides no basis for this court to conclude that her mental state was so impaired during the relevant time period that she could not pursue her legal remedies before the expiration of the statute of limitations.

Robinson's federal petition was due on or before April 12, 2006. Her petition filed on September 12, 2008 is, therefore, untimely.

## II. RECOMMENDATION

Robinson's petition for writ of habeas corpus should be DISMISSED with prejudice as time-

barred.

### III. NOTICE OF RIGHT TO OBJECT TO PROPOSED FINDINGS, CONCLUSIONS AND RECOMMENDATION AND CONSEQUENCES OF FAILURE TO OBJECT

Under 28 U.S.C. § 636(b)(1), each party to this action has the right to serve and file specific written objections in the United States District Court to the United States Magistrate Judge's proposed findings, conclusions, and recommendation within ten (10) days after the party has been served with a copy of this document. The court is extending the deadline within which to file specific written objections to the United States Magistrate Judge's proposed findings, conclusions, and recommendation until February 3, 2009  The United States District Judge need only make a *de novo* determination of those portions of the United States Magistrate Judge's proposed findings, conclusions, and recommendation to which specific objection is timely made. *See* 28 U.S.C. § 636(B)(1). Failure to file by the date stated above a specific written objection to a proposed factual finding or legal conclusion will bar a party, except upon grounds of plain error or manifest injustice, from attacking on appeal any such proposed factual finding or legal conclusion accepted by the United States District Judge. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (en banc op. on reh'g); *Carter v. Collins*, 918 F.2d 1198, 1203 (5th Cir. 1990).

### IV. ORDER

Under 28 U.S.C. § 636, it is ORDERED that each party is granted until February 3, 2009, to serve and file written objections to the United States Magistrate Judge's proposed findings, conclusions, and recommendation. It is further ORDERED that if objections are filed and the opposing party chooses to file a response, a response shall be filed within seven (7) days of the filing date of the objections.

It is further ORDERED that the above-styled and numbered action, previously referred to the United States Magistrate Judge for findings, conclusions, and recommendation, be and hereby is returned to the docket of the United States District Judge.

SIGNED January 13, 2009.

    /s/   Charles Bleil
CHARLES BLEIL
UNITED STATES MAGISTRATE JUDGE